IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Tequan L. Brown, | ) |
|             Petitioner, | ) |
| v. | ) Civil Action No. 0:19-cv-03362-TMC |
| Charles Williams, | ) **ORDER** |
|             Respondent. | ) |

Petitioner Tequan L. Brown ("Petitioner"), a state prisoner proceeding *pro se*, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on December 2, 2019. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report"), which recommends that the Petition be summarily dismissed for Petitioner's failure to exhaust his state court remedies. (ECF No. 12). Petitioner was notified of his right to file objections to the Report, *id*. at 4, and did so on February 18, 2020, (ECF No. 19).

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a

specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the magistrate judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

Petitioner has filed this Petition *pro se*; thus, this court is charged with construing the Petition liberally in order to allow for the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal citations omitted); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). However, this does not mean that the court can ignore the Petitioner's failure to allege facts that set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## I. BACKGROUND/PROCEDURAL HISTORY

Petitioner is currently incarcerated at the McCormick Correctional Institution of the South Carolina Department of Corrections. *See* (ECF No. 1-1 at 1). Petitioner filed the instant action pursuant to 28 U.S.C. § 2254 to challenge an unspecified conviction. *See generally id*. Throughout his Petition, Petitioner raises multiple claims of ineffective assistance of trial and appellate counsel, and other constitutional issues related to his trial. *See id*. at 3–6. Interestingly, nowhere in the Petition is Respondent Charles Williams mentioned, although Petitioner challenges the actions of several individuals involved in his trial. *See generally id*. Further, Petitioner acknowledges that he is currently challenging his conviction in state court through a pending application for post-conviction relief ("PCR") in the Colleton County Court of Common Pleas. *Id*. at 2. Nevertheless, Petitioner argues the court should excuse his failure to exhaust his state court remedies and hear his challenge to his conviction while the state PCR action is still pending. *Id*. at 1. Specifically, Petitioner asserts he is entitled to such relief because his state-appointed PCR counsel has not

subpoenaed all the witnesses Petitioner wants for his PCR hearing. *Id*. at 1–2. For relief, Petitioner asks the court to "[f]ind that [he] is entitled to a grant of immunity from prosecution under the Protection of Persons and Property Act[,] or that this court issue an order of [a]cquittal on his convictions, or in the alternative, that this court grant a new trial . . . ." *Id*. at 6.

## II. DISCUSSION

In her Report, the magistrate judge recommends that the undersigned dismiss the Petition without prejudice and without requiring the Respondent to file a return. (ECF No. 12 at 3). In particular, the magistrate judge found that dismissal was proper because, as Petitioner concedes, he has not yet exhausted his state remedies as required by § 2254(b). *Id*. at 2–3. Additionally, the magistrate judge found that Petitioner's disagreement with the witnesses his PCR counsel has chosen to call at the PCR hearing is insufficient to show that the state court process is ineffective to protect his rights such that he should be excused from the exhaustion requirement. *Id*. at 3; *see also* 28 U.S.C. § 2254(b)(1)(B). As the magistrate judge pointed out, Petitioner provides no explanation for why the witnesses he seeks to call are necessary to the effectiveness of the PCR process, nor does he indicate that he has brought this disagreement to the PCR court's attention. (ECF No. 12 at 3); *see generally* (ECF No. 1). Accordingly, the magistrate judge concluded that dismissal was proper. (ECF No. 12 at 3).

Petitioner filed objections to the Report. (ECF No. 19). However, the bulk of Petitioner's twenty-two pages[1] of objections are entirely unrelated and unresponsive to the magistrate judge's Report, including a detailed recount of a hearing held during his trial on the Castle Doctrine. *See id*. at 4–16. Further, Petitioner makes no specific challenges to any of the magistrate judge's findings or conclusions. *See id*. Rather, Petitioner concedes that his state PCR application is still

---

[1] For comparison, the Petition is only six pages long, and the magistrate judge's Report is only four. *See* (ECF Nos. 1, 12).

pending and even acknowledges that he filed a previous petition for a writ of habeas corpus with this court that was dismissed for the same reason—failure to exhaust his state-court remedies. *Id.* at 1–2 (citing *Brown v. Williams*, 0:19-cv-00228-TMC-PJG (filed Jan. 25, 2019)); *see also Brown*, 0:19-cv-00228-TMC-PJG at (ECF Nos. 29 at 3–4 (magistrate judge's Report recommending the court grant Respondent's motion to dismiss because (1) Petitioner's state PCR application was currently pending and he had failed to exhaust his state court remedies, and (2) Petitioner's argument that Respondent was responsible for delaying the PCR proceedings was insufficient to show the state PCR process would be ineffective to protect his rights and would not excuse him from the exhaustion requirement); 33 (order adopting magistrate judge's Report and dismissing the Petition without prejudice)).

Liberally construed, Plaintiff's only objection to the Report is his argument that the state PCR process is ineffective to protect his rights, because Respondent is delaying the proceedings and his PCR counsel has not responded to Petitioner's letter or calls. *See* (ECF No. 19 at 1, 18, 20). This objection is without merit. This is the first time Petitioner has raised the issues of delays in the state PCR proceedings or his PCR attorney's responsiveness. *See* (ECF No. 1 (seeking relief only based on PCR counsel's failure to subpoena witnesses)). Federal district "[c]ourts have frowned upon objections to R&Rs that make new arguments that serve as a new basis for" a petitioner's claims and, thus, "the court is not obligated to consider new arguments raised by a party for the first time in objection to the magistrate's report." *Elliott v. Oldcastle Lawn & Garden, Inc.*, No. 2:16-cv-01929-DCN, 2017 WL 1206408, at *3 (D.S.C. March 31, 2017); *see also Mason v. Warden, Graham Correctional Institution*, Civ. A. No. 5:15-cv-04963-RBH, 2017 WL 1044848, at *6 (D.S.C. March 20, 2017) ("the [c]ourt need not consider a claim raised for the first time in a habeas petitioner's objections"); *Clark v. Thompson*, Civ. A. No. 0:12-cv-02669-RBH,

2014 WL 1234347, at *2 (D.S.C. March 25, 2014) (noting petitioner's new argument raised for the first time in his objections "must be overruled as untimely and thus improper"). Moreover, this court has already fully considered, addressed, and denied Petitioner's argument regarding delays when it dismissed Petitioner's last Petition. *Brown*, 0:19-cv-00228-TMC-PJG at (ECF Nos. 29 at 3–4; 33). Accordingly, to the extent Petitioner now attempts to seek relief based on these additional grounds, this objection is overruled.

### III. CONCLUSION

Thus, after a careful and thorough review of the record under the appropriate standards, as set forth above, the court adopts the Report (ECF No. 12), which is incorporated herein by reference. Accordingly, Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is **DENIED.**

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that the petitioner failed to make a "substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
March 30, 2020